UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARWILL BODDEN                                              CIVIL ACTION

VERSUS                                                      NO. 24-2385

RICHARD MOORE, ET AL.                                       SECTION "R" (4)

## ORDER AND REASONS

Before the Court is the opposed[1] motion to dismiss of defendant Louisiana District Court Judge Richard Moore, and the 19th Judicial District Court under Federal Rule of Civil Procedure 12(b)(6).[2] For the following reasons the Court grants the motion and dismisses plaintiff's claims as frivolous under Federal Rule of Civil Procedure 1915(e)(2).

### I.  BACKGROUND

This case arises out of the four arrests of *pro se* plaintiff Murwill Bodden that occurred between 2011 and 2014. Plaintiff alleges that officers arrested and falsely charged her with felony burglary of an inhabited dwelling in 2011.[3] Judge Richard Moore presided over her criminal case in

---

[1]   R. Doc. 18.
[2]   R. Doc. 15. Plaintiff Murwill Bodden incorrectly refers to Richard Moore as "Robert Moore" in her complaint. *See* R. Doc. 4.
[3]   R. Doc. 4 at 7-9.

the 19th Judicial District Court of Louisiana.[4] Plaintiff alleges that she was additionally arrested three more times as a fugitive from justice because of her failure to appear in proceedings related to her initial arrest, including two times in which she was extradited while out of state.[5] Plaintiff asserts that she was not responsible for missing her court dates because she was in the throes of a mental health crisis and heavily medicated at the time, of which she informed the court.[6] Plaintiff now sued Judge Richard Moore and the 19th District Court *in forma pauperis* for monetary damages under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Plaintiff alleges that the arrests violated her Eighth Amendment right to be free from cruel and unusual punishments, as well as her unspecified rights under the ADA.[7]

Defendants move to dismiss plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[8] Defendants contend that absolute immunity bars plaintiff's claims against Judge Moore and that the 19th Judicial District Court is not an entity with the capacity to be sued.[9]

---

4   *Id.*
5   *Id.*
6   *Id.* at 5.
7   *Id.* at 4-5.
8   *See* R. Doc. 15.
9   R. Doc. 15-1 at 5-6, 8.

Defendants additionally argue that plaintiff's complaints are barred by the statute of limitations and *Heck v. Humphrey*, 512 U.S. 477 (1994), and that plaintiff failed to effect sufficient service of process.[10] Plaintiff opposes the motion and separately moves to amend her complaint.[11] The Court considers the motion below.

## II.     LEGAL STANDARD

Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 Fed. Appx. 949, 952 (5th Cir. 2009). Additionally, *pro se* litigants must abide by the applicable federal rules. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff

---

10   *Id*. at 7-10.
11   R. Doc. 17.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network,*

4

*L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "The district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

### III. DISCUSSION

Plaintiff fails to state a valid claim against defendants Judge Moore and the 19th Judicial District Court under Section 1983 or the ADA. Because plaintiff's *in forma pauperis* complaint "lacks even an arguable basis in law," dismissal of her claims is warranted under both Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2). *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see* 28 U.S.C. § 1915(e)(2) (permitting dismissal of a proceeding brought *in forma pauperis* if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief).

First, the 19th Judicial District Court does not have the capacity to be sued. Under Federal Rule of Civil Procedure 17(b), Louisiana law governs

the capacity of a state district court to be sued. A state entity has the capacity to be sued under Louisiana law if it qualifies as a "juridical person" that "can appropriately be regarded as an additional and separate government unit" with "the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 346-47 (La. 1994); *see also* La. Civ. Code. Ann. art 24 (defining juridical person). In *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411 (5th Cir. 2023), the Fifth Circuit held that a judicial district court "lacks the capacity to be sued" because it is part of "the greater body of the Judicial Branch of Louisiana's state government" and not a "separate entity" under Louisiana law. *Id.* at 416. The Court therefore dismisses plaintiff's claims against the 19th Judicial District Court as frivolous under Section 1915. *See, e.g.*, *Pittman v. Campbell*, No. 24-2168, 2025 WL 358922, at *4 (E.D. La. Jan. 31, 2025) (concluding that plaintiff's claims against a judicial district court "must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because [it] lacks the capacity to be sued" under Louisiana law).

Plaintiff's claims against Judge Moore are also frivolous. Plaintiff does not specify in her complaint whether she is suing Judge Moore in his individual or official capacity, and the Court therefore assumes that she

intends to pursue claims as to both.[12] *See Garrett v Stephens*, 675 F. App'x 444, 447 (5th Cir. 2017). But plaintiff's claims against Judge Moore in either capacity fail.

First, Judge Moore is entitled to absolute immunity. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Bigger*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam). Courts consider the possible applicability of the doctrine of absolute immunity as a "threshold question" to be "resolved in the proceedings as early as possible." *Id.* The "essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Courts will not deprive a judge of immunity because "the action was taken in error, was done maliciously, or was in excess of his authority." *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (5th Cir. 1978)). Instead, judicial immunity can "be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284. A judge's acts are judicial in nature if they are typically performed by a judge, and the parties affected dealt with

---

[12]    R. Doc. 4 at 2.

the judge in his judicial capacity. *Id.* at 285 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

Plaintiff's claims relate only to Judge Moore's judicial acts. Plaintiff contends that Judge Moore treated her unfairly when he presided over her criminal case because he issued warrants for her arrest after she failed to appear in court without considering her mental health issues.[13] Plaintiff exclusively dealt with Judge Moore in his judicial capacity, and she does not complain of any actions that were non-judicial in nature or taken in the clear absence of all jurisdiction. Judge Moore is therefore entitled to absolute immunity.

The Fifth Circuit has held that absolute immunity protects judges from ADA claims and individual-capacity Section 1983 claims. *See Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *2-3 (5th Cir. Jan. 13, 2025) (holding absolute judicial immunity bars ADA claims and individual-capacity Section 1983 claims (citing *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 & n.5 (9th Cir. 2001)); *see also Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (holding "an official in a personal-capacity action" brought under Section 1983 may "assert personal immunity defenses," but in "an official-capacity action, these defenses are unavailable" and the "only

---

13  R. Doc. 4 at 7-9.

8

immunities that can be claimed" are "forms of sovereign immunity"). Plaintiff's Section 1983 claim against Judge Moore in his individual capacity and her ADA claim against him in his official and individual capacities are therefore barred by absolute immunity. The Court dismisses these claims as frivolous. *See, e.g.*, *Boyd*, 31 F.3d at 284 (affirming dismissal of claims barred by absolute judicial immunity as frivolous under 28 U.S.C. § 1915).

Additionally, the Eleventh Amendment bars plaintiff's Section 1983 claim against Judge Moore in his official capacity. Under the Eleventh Amendment, an "unconsenting State is immune from suits brought in federal courts by her own citizens, as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Louisiana has not consented to this suit. *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." (citing La. Rev. Stat. § 13:5106(A)). This immunity extends to suits brought under Section 1983 against state officials acting in their official capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."); *see also Cozzo*, 279 F.3d at 281 (holding that Congress did not abrogate states' Eleventh Amendment immunity in enacting Section 1983).

9

The Fifth Circuit has held that the Eleventh Amendment bars Section 1983 actions against state court judges like Judge Moore in their official capacities. *See Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) (holding judges are "entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors"); *see also Cain v. City of New Orleans*, 281 F. Supp. 3d 624, 646 (E.D. La. 2017), *aff'd sub nom.*, *Cain v. White*, 937 F.3d 446 (5th Cir. 2019) (stating that Eleventh Amendment immunity applied to a suit for damages and retrospective relief against Orleans Parish Criminal District Court judges). Plaintiff's Section 1983 claim against Judge Moore in his official capacity therefore must be dismissed under 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Sanchez v. Waguespack*, No. 9-6130, 2010 WL 1727833, at *1 (E.D. La. Apr. 28, 2010) (dismissing claims barred by the Eleventh Amendment as frivolous under 28 U.S.C. § 1915(e)(2)(B)(iii)); *Hart v. Texas*, No. 2-786, 2003 WL 21281654, at *1 (N.D. Tex. May 28, 2003) (same).

Because the 19th Judicial District Court lacks the capacity to be sued, the Eleventh Amendment bars plaintiff's Section 1983 claim against defendant Judge Moore in his official capacity, and Judge Moore is entitled to absolute immunity for plaintiff's remaining claims, the Court need not determine whether plaintiff's claims are barred by the statute of limitations

or the Supreme Court's ruling in *Heck v. Humphrey*. The Court also need not determine whether plaintiff's service of Judge Moore was proper. *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (holding that a district court can dismiss an *in forma pauperis* proceeding regardless of whether service has been effected (citing *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Court therefore dismisses plaintiff's claims against defendants for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2).

### A. Leave to Amend

The Court additionally denies plaintiff's motion for leave to amend. Ordinarily, "a court should grant a *pro se* party every reasonable opportunity to amend." *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (citation omitted); *see also Robertson v. Plano City of Tex.*, 70 F.3d 21, 22 (5th Cir. 1995) ("[L]eave to amend should be granted liberally."). But it is within a district court's discretion to deny a motion to amend if it is futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873. To determine futility, courts will "apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 1997)).

11

Allowing Bodden to amend her complaint would be futile. Plaintiff's proposed amendments provide further detail to her arrests and extraditions, including their dates and the length of time she spent in jail.[14] These new allegations fail to cure the deficiencies in her claims. Plaintiff's proposed amended complaint also includes confusing new allegations that she was sexually assaulted on a business trip in 2022 and that "both white not Hispanic women in this case were brutally beaten."[15] It is not apparent how these new allegations are related to the current proceedings or any actions taken by the defendants. The Court therefore denies plaintiff's motion for leave to file her second amended complaint.

---

[14]   R. Doc. 17-2 at 1-4.
[15]   *Id.* at 6-8.

12

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss. The Court DISMISSES plaintiff's claims against Louisiana District Judge Richard Moore and the 19th Judicial District Court WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2). The Court DENIES plaintiff's motion for leave to file her second amended complaint. The Court DENIES defendants' motion to amend the scheduling order and stay discovery as MOOT.[16]

New Orleans, Louisiana, this __21st__ day of April, 2025.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

16      *See* R. Doc. 23.