UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARWILL BODDEN | CIVIL ACTION |
| VERSUS | NO. 24-2385 |
| RICHARD MOORE, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is the opposed[1] motion for reconsideration of this Court's order and judgment.[2] Because plaintiff has failed to show that she is entitled to relief under Federal Rules of Civil Procedure 59, the Court denies her motion.

### I.  BACKGROUND

This case arises out of a series of incidents occurring between 2011 and 2014, including multiple arrests that plaintiff alleged were unlawful.[3] Plaintiff sued Judge Richard Moore, who presided over plaintiff's criminal case, and the 19th District Court *in forma pauperis* for monetary damages under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA").[4]

---

1    R. Doc. 29.
2    R. Doc. 27.
3    R. Doc. 4.
4    R. Doc. 3.  In plaintiff's complaint and amended complaint, she misidentifies Judge Moore as "Robert Moore." *Id.* at 1; *see also* R. Doc. 4 at 1.

Defendants moved to dismiss plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), contending that absolute immunity bars plaintiff's claims against Judge Moore and that the 19th Judicial District Court is not an entity with the capacity to be sued.[5] Plaintiff opposed the motion and separately moved to amend her complaint.[6] The Court dismissed plaintiff's complaint, and denied her motion to amend finding that amendment would be futile.[7] In its order, the Court found that the 19th Judicial District Court does not have the capacity to be sued, the Eleventh Amendment barred plaintiff's Section 1983 claim against Judge Moore in his official capacity, and Judge Moore was entitled to absolute immunity for plaintiff's remaining claims.[8] The Court issued a judgment on April 22, 2025, and plaintiff filed this motion to reconsider on May 2, 2025. Defendants oppose this motion.[9]

The Court considers the motion below.

---

[5] *See* R. Doc. 15-1 at 5-6, 8. Defendants also argued that plaintiff's complaints are barred by the statute of limitations and *Heck v. Humphrey*, 512 U.S. 477 (1994), and that plaintiff failed to effect sufficient service of process. *Id.* at 7-10.
[6] R. Doc. 17.
[7] R. Doc. 25.
[8] *Id.*
[9] R. Doc. 29.

## II. LAW AND DISCUSSION

Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The court must strike the proper balance between the two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Here, plaintiff has not shown that reconsideration is appropriate under the Rule 59(e) standard. Plaintiff does not assert that new facts have arisen, or that there has been an intervening change in the law. Instead, plaintiff rehashes the allegations contained in her first amended complaint and her

3

second motion to amend. Further, although plaintiff asserts that the Court made an error in law, she does not state what the alleged error is. Instead, plaintiff insists that she was entitled to review of her complaint, which the Court already conducted when it decided defendants' motion to dismiss. Accordingly, the Court denies plaintiff's motion to alter or amend the judgment.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the judgment.

New Orleans, Louisiana, this __24th__ day of July, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE